**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victoria Nicole Ladner, | No. CV-23-00867-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| RentGrow Incorporated, et al., | |
| Defendants. | |

Pending before the Court is a stipulation for a protective order signed by all parties. (Doc. 19).  In the proposed protective order, the parties seek to mark as subject to the protective order confidential information. The parties then define "Confidential Information" as information that is deemed to be Confidential Information by any party. (Doc. 19 at 2).

Global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "must make a 'particularized showing of good cause with respect to [each] individual document.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096,

1102 (9th Cir. 1999)).  Thus, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

In some cases, umbrella or blanket protective orders are granted by courts for certain categories of documents, thereby delaying the need to make a good cause showing on a document by document basis.  *See Rocky Mountain Bank v. Google, Inc.*, 428 Fed. App'x 690, 691 (9th Cir. 2011) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003)).  However, before an umbrella protective order is granted, the party seeking the protective order must still make a preliminary showing of good cause for the categories sought to be protected.  *See IceMOS Tech. Corp. v. Omron Corp.*, No. CV 17-02575-PHX-JAT (D. Ariz. Dec. 20, 2018) (Doc. 87); *Rose v. Dignity Health*, No. CV-21-00775-PHX-JAT, 2021 WL 5084277, at *1–3 (D. Ariz. Nov. 2, 2021); *Gann v. Gen. Motors LLC*, No. CV-22-00080-TUC-RM, 2022 WL 3552484, at *3–4 (D. Ariz. Aug. 18, 2022).

Here, the parties have shown no cause for needing a protective order.  Further, the parties have put no limits on what they can respectively mark as confidential.  Thus, what the parties have proposed is a prohibited global protective order.

Accordingly,

**IT IS ORDERED** that the stipulated protective order (Doc. 19) is denied without prejudice.

Dated this 20th day of July, 2023.

James A. Teilborg
Senior United States District Judge