WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victoria Nicole Ladner,<br><br>        Plaintiff,<br><br>v.<br><br>RentGrow, Inc. and TransUnion Rental<br>Screening Solutions, Inc.,<br><br>        Defendants. | Case No. CV 23-867-PHX-JAT<br><br>**PROTECTIVE ORDER** |

The Parties have renewed their Joint Motion for Entry of Stipulated Protective Order. (Doc. 33.) This second request provides more specificity and justification than the parties' previously rejected request. (Docs. 19, 21). However, the renewed request still represents an unrealistic view of a public court.

To summarize, the following are the categories of documents sought to be protected in the parties' motion:

RentGrow's policies and procedures relating to compliance with § 1681e(b) and for ensuring accurate consumer reports. (Doc. 33 at 4).

RentGrow's employee training materials and training materials provided to: vendors, agents, third parties, and independent contractors. (*Id*.).

RentGrow's procedures used in this particular case. (*Id*.).[1]

---

[1] These 3 categories were summarized as RentGrow's procedures for merging, reviewing, assembling consumer information, as well as the processes for reviewing, processing, responding to, and resolving consumer disputes. (Doc. 33 at 4-5).

1    RentGrow's agreements with consumer reporting agencies such as TransUnion
2    Rental Screening Solutions, Inc.  (*Id*. at 5).

3        Information on RentGrow's "database" and "system." (*Id*. at 6)

4    Information RentGrow used in Plaintiff's particular case, including: documents
5    concerning any reinvestigation conducted concerning any information about Plaintiff, any
6    responses, notes, screens, logs, internal memoranda, correspondence, or supporting
7    documentation.  (*Id*.).

8        And, Plaintiff's "personal" and "private" information.  (*Id*.).

9        The proposed protective order seeks to protect all of the above information both
10   during discovery and at trial.  (Doc. 33-2 at 2).

11       This action is a basic Fair Credit Reporting Act case stemming from some
12   information RentGrow reported about Plaintiff on a tenant screening report.  (Doc. 1 at 2).
13   In short summary, Plaintiff claims RentGrow violated the federal Fair Credit Reporting
14   Act by giving Plaintiff's potential landlord a report which "inaccurately stated that Plaintiff
15   had a civil judgment for eviction against her when the judgment had been expressly
16   vacated, dismissed and the record sealed and prohibited from distribution to third parties
17   or the public pursuant to state law designed to protect parties from just such disclosures."
18   (*Id*.)

19       The protective order proposed by the parties seeks to protect every aspect of
20   RentGrow's operations, both generally and specifically as to the action taken with respect
21   to this particular Plaintiff.  It also seeks to protect all of RentGrow's internal documents
22   and external documents with business partners, service providers and clients. Further it
23   seeks to protect Plaintiff's personal and private information, which depending on
24   someone's perspective could be everything on a credit report. [2]  Thus, as far as the Court
25   can discern, the parties seek to mark as confidential every single item of discovery in this
26   case, including deposition and trial testimony.

---

27   [2]  Notwithstanding what is in the parties' motion itself, the proposed protective order
28   submitted for the Court's signature does not protect any of Plaintiff's information.  (Doc. 33-2 at 4).

Finally, the parties stipulate that before any such information is presented to the Court, either by motion or at trial, the party seeking to use the material must file a motion to seal.  (Doc. 33-2 at 6).

Thus, at bottom, the foregoing shows the parties seemingly seek to conduct this entire case under seal.  As mentioned above, this is a routine Fair Credit Reporting Act case.  The concerns raised by the parties would apply equally to nearly every case, namely: a business has information or processes it believes its competitors would value and an individual has personal information they would prefer not be made public.  But conducting every case with these concerns under seal runs afoul of the basic concept of a public court system.

> "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.,* 435 U.S. 589, 597 (1978). Following the Supreme Court's lead, "we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir.2003). The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo* (*Amodeo II* ), 71 F.3d 1044, 1048 (2d Cir.1995); *see also Valley Broad. Co. v. U.S. Dist. Court— D. Nev.,* 798 F.2d 1289, 1294 (9th Cir.1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).

The Court will, as discussed further below, grant the parties a protective order governing future discovery in this case.  However, the parties should not assume that summary judgment filings (if any) will be under seal, nor will the trial of this matter be under seal.  The parties may redact, without further Court order, any information permitted to be redacted by Federal Rule of Civil Procedure 5.2.  Otherwise, they should proceed on the assumption the filings in this case will be public.

As this Court's prior Order on the parties' request for a protective order discussed, global protective orders are not permissible, but in some circumstances, umbrella protective orders– protecting specifically identified categories of documents–are permissible.  (*See* Doc. 21).  As the foregoing recounts, the parties have identified "categories" of documents, but have either so

vaguely identified them ("personal" and "private" information), or so broadly identified them (the "database" and the "system") that they likely encompass the entire case.[3]  Thus, the Court will limit the protective order as specified below to certain categories of documents.

The Court finds that the Parties have shown good cause for maintaining the confidential nature of certain information as defined in the Protective Order.  Accordingly, **IT IS ORDERED** that the parties' joint motion for a protective order (Doc. 33) is granted to the limited extent specified herein. Therefore,

**IT IS FURHTER ORDERED:**

This protective order (the "Protective Order") is entered in connection with the future production by the Parties of documents and other information as defined below.  This protective order is not retroactive as to any documents or information already produced.

The following Definitions apply in this Order:

A.     The term "**Confidential Information**" means information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that, the disclosing party in good faith will avow are kept confidential by the disclosing party.  By way of example, Defendant may mark as confidential only information that it requires the receiving party to sign a non-disclosure agreement with respect to that information. The Court is highly skeptical that Defendant's responses as to how it specifically investigated and resolved Plaintiff's claim that underlies this case could be marked as a "trade secret" or otherwise qualify as having value to a competitor.  Nonetheless, the Court will leave to Defendant to determine whether they can mark such documents as confidential in good faith, and consistent with Rule 11.  This Order is further limited to the following categories specifically listed in the parties' proposed

---

[3] As a further example of the parties' failure to reasonably cabin their request, the categories of documents and information they seek to protect includes items such as motion pictures, sketches and drawings.  (Doc. 33-2 at 2).  The Court finds it difficult to believe any "motion pictures" are at issue in this Fair Credit Reporting Act case.

order: a) RentGrow policies and procedures regarding consumer file assembly and consumer disputes; b) RentGrow's agreements and communications with other consumer reporting agencies and documents exchanged pursuant to these agreements; c) confidential or trade secret documents and communicates retrieved from RentGrow's database and system; and d) testimony of RentGrow employees that describe or contain information listed in a-c.

B.     The term "**Materials**" includes, but is not limited to: documents; correspondence; memoranda; financial information; emails; specifications; marketing plans; marketing budgets; customer information; materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; notes of conversations; desk diaries; expense accounts; recordings; photographs; notes of discussions with third parties; other notes; business reports; instructions; disclosures; other writings; records of website development; and internet archives.

C.     The term "**Counsel**" means all counsel of record throughout the litigation, including outside counsel of record, and other attorneys, paralegals, secretaries, and support staff employed in the office of any counsel of record.

The following provisions apply in this litigation:

1.     All Materials produced or otherwise disclosed in this action that the producing party has a reasonable and good faith belief contains Confidential Information as defined herein, may be designated by the producing party for confidential treatment pursuant to this Protective Order by affixing a "Confidential" stamp to each page of such Materials.  Such Materials, as well as any portion thereof, copies, notes, summaries, exhibits (not filed in the record), discovery responses and answers, memoranda, declarations or affidavits (not filed in the record), deposition transcripts and/or videotapes (not used in trial or otherwise filed in the record), data including data summarizing and compilations derived therefrom, and any other litigation-related documents (including attorney work product files) which attach or refer to any confidential information shall be subject to the provisions of this Protective

Order and shall not be used except as provided in this Protective Order.   By treating documents or information as Confidential Information, no Party waives the right to challenge any designation of any document or information as "Confidential."

2.      Any expert witness or third party who is subpoenaed to testify or to produce documents may also designate as "Confidential" any documents or portions thereof, that refer to, discuss, or describe Confidential Information by affixing to each page the word "Confidential."   A Party wishing to designate portions of a transcript as "Confidential" pursuant to this Protective Order must request an original or a copy of the transcript within 7 days of the completion of the deposition.   Within 30 days after receipt of the deposition transcript, a Party may designate as confidential those portions of the transcript which contain confidential matters by affixing a stamp conspicuously designating the information as "Confidential" on those pages of the transcript which the Party seeks to protect.   All transcripts will be treated as confidential until the expiration of the 30-day period described in this Paragraph.   A Party making any designations shall serve upon all counsel of record a complete copy of the transcript including those portions containing the designations.   Any portions of a transcript designated as "Confidential" shall thereafter be treated as confidential in accordance with this Protective Order.

3.      In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection.   For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

4.      Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of RentGrow:

(a)    Prior to the disclosure of Confidential Information, the disclosing party will have the right to exclude from attendance at the deposition any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 9 or 11, below.

(b)    The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

5.    All Confidential Information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this Order, must be handled in the manner set forth below, and must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties or by order of the Court.

6.    Information designated "CONFIDENTIAL" may be viewed only by:

(a)    Counsel (as defined in paragraph C, above) of the receiving party;

(b)    Independent experts and stenographic and clerical employees associated with such experts. Prior to receiving any Confidential Information of the producing party, the expert must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A.  Counsel for the receiving party must retain executed copies of such exhibits;

(c)    The Court and any Court staff and administrative personnel;

(d)    Any court reporter employed in this litigation and acting in that capacity; and

(e)     Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action.

(f)     Party principals or executives who are required to participate in policy decisions with reference to this action;

(g)     Technical personnel of the parties with whom Counsel for the parties find it necessary to consult in preparation for trial of this action; and

(h)     Stenographic and clerical employees associated with the individuals identified above.

7.     Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, RentGrow (as the party who marked this information as confidential) must seek permission of the Court to file the material under seal.

Nothing in this order shall be construed as automatically permitting a party to file under seal.  Every motion to seal, must identify the legal standard applicable to the document at issue and explain why the material sought to be sealed meets that standard. The party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Furthermore, the mere fact the parties have designated certain materials or information as confidential pursuant to an agreement or stipulation does not establish that any legal standard for placing those materials or information under seal has been met.  *Id.*  Where a party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to LRCiv 5.6(c), must include **highlighting** to indicate which portions of the document the party seeks to redact. Additionally, a party seeking to file under seal shall, within the applicable deadline, file a

redacted, unsealed version of any motion, response or reply if the party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Further, no portion of the trial of the matter shall be conducted under seal.

Any motion to seal must be made at least 15 days prior to the date on which the party seeks to use the information.  Thus, for a motion for summary judgment, at least 15 days before the motion is filed.  For a response, at least 15 days before the response is due (which means Plaintiff will have to notify RentGrow of which confidential documents of RentGrow's Plaintiff will seek to use to oppose summary judgment, more than 15 days before the response is due).  Further sealing whole documents is unacceptable if the documents can be redacted. *Culver v. NXP USA Inc. Long Term Disability Ins. Plan*, No. CV-18-02205-PHX-DWL, 2019 WL 1452992, at *1–2 (D. Ariz. Apr. 2, 2019) ("The annoyance and expense of taking time to redact personal information from documents ordinarily cannot outweigh the public's interest in access.).

8.     Confidential Information and Materials designated "CONFIDENTIAL" shall be used solely for the prosecution or defense of this action.  A party that wishes to use Confidential Information and/or Materials designated "CONFIDENTIAL" for a purpose other than the prosecution or defense of this action must request permission, in writing, from Counsel for the producing party.  The receiving party's request must identify the Confidential Information and/or Materials designated "CONFIDENTIAL" that the receiving party wishes to use and must identify the purpose for using it.  If the parties cannot resolve the question of whether the receiving party can use Confidential Information and/or Materials designated "CONFIDENTIAL" for a purpose other than the prosecution or defense of this action within fourteen (14) days of the producing party's receipt of such a request, the receiving party may move the Court for a ruling on the receiving party's request. In the event any party files a motion seeking to use Confidential Information and/or Materials designated "CONFIDENTIAL" for a purpose other than the prosecution or defense of this action, the Confidential Information and/or Materials designated "CONFIDENTIAL" shall be submitted to the Court, under seal, for an in-camera

inspection.  Any Confidential Information and/or Materials designated "CONFIDENTIAL" at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the motion or the matter has been otherwise resolved.

9.    At any stage of these proceedings, any party may object to a designation of confidentiality.  The party objecting to confidentiality must submit written objections and the grounds for the objections to Counsel for the producing party.  If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of objections, the objecting party may move the Court for a ruling on the objection.  In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection.  The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection or the matter has been otherwise resolved.

10.    Up to the dispositive motion deadline, any party may request that it be permitted to disclose Materials designated as Confidential Information to individuals not permitted by this Order to view such Materials. The party must submit to Counsel for the producing party a written notice identifying the relevant Materials and the individuals to whom the party wishes to disclose the Materials.  If the request is not resolved consensually between the parties within fourteen (14) days of receipt of such a request, the requesting party may move the Court for a ruling allowing such disclosure.  The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the request.

11.    All Confidential Information must be held in confidence by those inspecting or receiving it.  To the extent the Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this action.  If the Confidential Information was exchanged between the parties prior to and apart from this litigation for purposes of conducting their respective businesses, the parties may continue to use that otherwise Confidential Information for that purpose.  The parties may not distribute the Confidential Information beyond those persons or entities that had received

the Confidential Information prior to this litigation. In addition, counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

12. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

13. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the producing party may give written notice to the receiving party that the Materials produced are deemed Confidential Information, and that the Materials produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential once the producing party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL"– SUBJECT TO PROTECTIVE ORDER.

14. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

15. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information

designated as Confidential Information, provided that the contents of the information must not be disclosed.

16.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

17.     Information designated Confidential pursuant to this Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party which made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

18.     Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person.  Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

19.     Within thirty (30) days of the final termination of this action, including any and all appeals, Counsel for each party must purge all Confidential Information from all machine-readable media on which it resides and must either: (a) return all Confidential Information to the party that produced the information, including any copies, excerpts, and

summaries of that information; or (b) destroy it.  With respect to paper copies, return or destruction of Confidential Information is at the option of the producing party. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation.  Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information after the conclusion of this litigation.

20.    The restrictions and obligations set forth within this Order do not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of a violation of this Order.

21.    Transmission by e-mail, facsimile, or other reliable electronic means is acceptable for all notification purposes within this Order.

22.    This Order may be modified by agreement of the parties, subject to approval by the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

23.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this Order following termination of this litigation.

Dated this 19th day of October, 2023.

James A. Teilborg
Senior United States District Judge

- 14 -

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victoria Nicole Ladner, | Case No. 2:23-cv-00867-JAT |
| Plaintiff, | |
| v. | **AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |
| RentGrow, Inc. and TransUnion Rental Screening Solutions, Inc., | |
| Defendants. | |

I, _____, declare and say that:

1. I am employed as _____

by _____.

2. I have read the Stipulated Protective Order (the "Order") entered in

_____ and have received a copy of the Order.

3. I promise that I will use any and all "Confidential" information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" information with anyone other than the persons described in paragraph 3 of the Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the Order.

6. I understand that any disclosure or use of "Confidential" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7. I will return all "Confidential" Materials (as defined in the Order) to the

attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within "Confidential" Materials.

I declare under penalty of perjury that the foregoing is true and correct.


Date: _____                  _____
                                                                    Signature